UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION


| | | |
|---|---|---|
| REGINA EGBUKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  1:04CV00184-HEA |
| | ) | |
| SAFE HOUSE FOR WOMEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |


## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [#13].  Plaintiff has not responded to the motion.  For the reasons set forth below, Defendant's motion is granted.

## Facts and Background

Plaintiff, Regina Egbuka, brings this action against her former employer, Safe House for Women, Inc. pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) *et seq.*, and the Missouri Human Rights Act (MHRA), as codified in Section 213.010 *et seq.*, of Missouri Revised Statutes.  Plaintiff alleges she was discriminated against by Defendant Safe House based on her race, because in August of 2003,  she applied for a full-time Court Advocate/Case Manager position with the organization but was not selected.

On October 28, 2003, Plaintiff filed a Charge of Discrimination against Safe House with the Missouri Commission on Human Rights (MCHR) and submitted her letter of resignation to the organization the next day, noting a desire to spend more time with her children. On August 25, 2004, the MCHR issued a Notice of Right to sue letter to Plaintiff. The Equal Employment Opportunity Commission (EEOC) also issued a Notice of Right to Sue letter on September 28, 2004. Plaintiff filed this action on December 23, 2004.

Defendant now moves for summary judgment as a matter of law, claiming Plaintiff failed to file her Complaint within the time proscribed by the MHRA, and because Defendant is not an employer as defined by Tile VII of the Civil Rights Act of 1964. This Court agrees with both of Defendant's contentions.

## Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), and the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324.

## Discussion

**Timeliness of Plaintiff's Filing**

Defendant first argues that Plaintiff's Complaint was not timely filed under the MHRA. Section 213.111 of the Missouri Revised Statutes provides in relevant part:

> Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

Mo. Rev. Stat. § 213.111(1). As stated, the MCHR issued a Notice of Right to sue letter to Plaintiff on August 25, 2004. Plaintiff, however, did not file the instant action until December 23, 2004. Therefore, Plaintiff's cause of action against Defendant under the MHRA is time-barred.

**Employer Defined**

Defendant next argues that it is not an employer as defined by Title VII of the Civil Rights Act of 1964. Under Title VII, an "employer" is defined as follows:

> [A] person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . .

42 U.S.C. § 2000e(b).

"The ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." *Walters v. Metropolitan Education Enterprises, Inc.,* 519 U.S. 202, 204 (1997). The Eighth Circuit has deemed the fifteen employee requirement of § 2000e(b) to be a jurisdictional prerequisite. *Cameron v. Mid-Continent Livestock Supplements, Inc.,* 211 F. Supp. 2d 1120, 1125 (E.D. Mo. 2002) (*citing Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 391 (8th Cir. 1977)). "As a jurisdictional prerequisite, the burden is on Plaintiff to allege and, if necessary, provide evidence to positively establish the court's subject matter jurisdiction." *Id.* (*citing FW/PBS, Inc., v. City of Dallas,* 493 U.S. 215, 231 (1990)).

In this case, Defendant filed an Affidavit wherein Defendant's Executive Director, Linda Garner, attests that Defendant Safe House did not employ 15 persons at any time during 2002 or 2003 (the year prior to and the year in question). Plaintiff

has not alleged, nor has she provided evidence to positively establish otherwise. As such, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim.

## Conclusion

For the reasons set forth above, summary judgment will be entered in favor of Defendant and against Plaintiff. A separate judgment will be filed consistent with this opinion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [#13], is granted.

Dated this 5th day of August, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE